viledge in favour of *law charges, frais de justice.* The English expression is rather vague—the French one is only, costs of court : taxed costs.

A CREDITOR who claims to be paid, in exclusion of the others, must make out his right strictly. Priviledges are odious and should be restrained.

SPRING 1812.
I. District.

ELLERY
*vs.*
AMELUNG'S
SYNDICS.

### PRIVILEDGE DENIED.

*Mazureau,* for the plaintiff. *Moreau,* for the defendants.

---

### SIMPSON vs. BURNETT.

THE defendant had been held to bail upon the usual affidavit,

A RULE was obtained to shew cause, why the order to hold to bail, should not be dissolved, upon the ground, that the defendant was an inhabitant of the territory, residing out of the first superior court district.

*Ellery,* in support of the rule. By the " *Act* " *supplementary to an act, providing for the su-* " *perior court going district,*" every suit begun against any residing landholder, shall originate before the judge of the parish in which said landholder resides. 1807, *ch.* 1, *sect.* 11. And with respect to all causes which are to be transferred to

SPRING 1812.
I. District.

SIMPSON
*vs.*
BURNETT.

the circuit courts, it is made the duty of the superior court to order, that such of those causes as shall yet be pending before it, when this act shall begin to be in force, shall be transferred to the respective circuit courts of the circuit wherein the defendants reside. 31*st sect.* Every defendant, therefore, must be sued in the parish, or district, wherein he resides; and no process from this court can legally issue against the present defendant, who is a landholder, residing in the parish of Iberville, in the second superior court district. If this suit had been pending in this court, at the time of passing the above act, it would have been the duty of the court to have transferred it to the second district, and this, it would appear, summarily, whenever the residence of the party defendant in that district, was made to appear; and not by a plea in abatement, which would have placed it on the trial list, there to wait its turn, and subject the parties to great expence and loss of time. Neither does it appear that in any cause thus pending when this act went into operation, the defendant was ever compelled to resort to this plea. The present defendant being in a similar situation, is entitled to a similar remedy; the date of the suit ought not exclude him from the benefit of it.

*By the Court.* This objection is premature. The disability of the plaintiff can only be taken

advantage of by a plea in abatement, or at the trial <span>Spring 1812.<br>I. District.</span>
of the cause.

RULE DISCHARGED.

---

*KERSHAM* vs. *COLLINS.*

THE plaintiff had judgment against the defen- <span>Clerk's cer-<br>tificate that<br>there is a<br>judgment, is<br>no evidence<br>of it.</span>
dant, in the county of the Attakapas, and now
brought a suit in this court on it.  The defendant
pleaded *nul tiel record.*   On the trial, a certificate
of the clerk of the court in which the judgment
was had, was produced, attesting that such a judg-
ment was rendered.  He transmitted a certified co-
py of the execution which had issued, returned
*nulla bona.*

*By the Court.*  The clerk cannot certify a
judgment, in any other manner than by giving a
copy of it.   From the execution, which is proper-
ly shewn, the fact that a judgment was rendered,
cannot be inferred.

JUDGMENT FOR DEFENDANT.

*Caune,* for plaintiff.   *Porter,* for defendant.

---

*WELMAN, CURATOR, &c.* vs. *CONNOLY.*

THE defendant had been held to bail upon the
usual affidavit, for a debt due to the estate, in